IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TERRY PROCTOR
ADC #87410                                                                                          PLAINTIFF

V.                                            5:02CV00334 WRW/JTR

RICKY L. TONEY, Warden,
Varner Super Max, ADC, et al.                                                            DEFENDANTS

### ORDER

  Defendants in this § 1983 action have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Facts. *See* docket entries #123, #124, and #125. The Court concludes that a Response from Plaintiff would be helpful to the resolution of that Motion.[1]

  At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means that Plaintiff's Response must include affidavits signed under penalty of perjury in accordance with 28 U.S.C. § 1746, prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. Furthermore, pursuant to Local Rule 56.1, Plaintiff must also separately file a Statement of Disputed Facts, which lists: (a) any disagreement he has with the specifically numbered factual assertions contained in Defendants' Statement of Material Facts (docket entry #125); and (b) any other disputed facts that he believes must be resolved at a hearing

---

[1] Usually, the Court gives a Plaintiff thirty days to file a Response. However, this case is scheduled to proceed to a jury trial on March 20, 2006. *See* docket entry #107. Thus, the Court will give Plaintiff approximately twenty days to file his Response, so that there will be ample time for: (1) the Court to consider the pleadings and issue a Recommended Disposition; and (2) Plaintiff to file any Objections to that Recommended Disposition.

or trial.[2]  Finally, Plaintiff is advised that if he intends to rely upon grievances or records that have been previously filed with the Court, he must specifically refer to those documents by docket number, page, date, and heading.  The Court will not sift through the file to find support for Plaintiff's factual contentions.  *See Crossley v. Georgia-Pacific, Corp.*, 335 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff shall file, **on or before February 24, 2006,** a Response to Defendant's Motion for Summary Judgment (docket entry #123). That Response must comply with Fed. R. Civ. P. 56, Local Rule 56.1, and the instructions set forth in this Order.

2. Plaintiff is advised that the failure to timely and properly comply with this Order could result in all of the facts set forth in Defendant's summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c).

Dated this 2nd day of February, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Specifically, Defendants' Statement of Facts contains 43 separately numbered paragraphs containing assertions of allegedly undisputed fact.  *See* docket entry #125. Plaintiff's Statement of Disputed Facts must contain 43 separately listed paragraphs that respond <u>directly</u> to each of Defendants' corresponding paragraphs.  For instance, Plaintiff's paragraph 1 should state whether he agrees or disagrees (and why) with <u>only</u> the factual assertions contained in paragraph 1 of Defendants' Statement of Facts. After Plaintiff has done so for <u>each</u> of Defendants' 43 separate paragraphs, Plaintiff may list (in separately numbered paragraphs starting with 44), any additional <u>disputed</u> <u>material</u> facts that he believes must be resolved at a hearing or trial.