IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**TERRY PROCTOR, ADC #87410**                                                                 **PLAINTIFF**

VS.                                         5:02CV00334-WRW

**RICK L. TONEY, Warden,**
**Varner Supermax, ADC, et al.**                                                              **DEFENDANTS**

## ORDER

Pending is Defendants' Motion for Judgment as a Matter of Law (Doc. No. 184). Plaintiff has responded (Doc. No. 186).

**I.    BACKGROUND[1]**

Plaintiff, a prisoner at the Varner Supermax Unit, brings this cause of action under 42 U.S.C. § 1983. Plaintiff asserts that Defendants (1) retaliated against him for filing a lawsuit against them and for filing numerous grievances by reducing him from Incentive Level V to Incentive Level I[2] on March 5, 2002; (2) violated his due process rights during a March 5, 2002 Classification Review Committee meeting "by reducing Plaintiff to Level I from Level V without a notice of hearing or chance to appeal the decision of the Warden"; and (3) violated his equal protection rights by refusing to restore his incentive level while doing so for two similarly situated inmates.

Plaintiff's first allegation was dismissed on a Motion for Summary Judgment.[3] However, Plaintiff was allowed to proceed on his due process claim involving the incentive

---

[1] A detailed history of the facts in this case can be found at Doc. No. 131.

[2] Varner Supermax uses a five level incentive program to encourage inmates to engage in good behavior and learn to abide by the ADC rules. A Level V receives the most privileges. Doc. Nos. 125, 128.

[3] Doc. Nos. 131, 137.

1

level reduction.[4]  A jury trial commenced on July 17, 2007.  On July 18, 2007, the jury indicated that it was deadlocked, and the Court declared a mistrial.

After trial, Defendants filed a Motion for Judgment as a Matter of Law.  Defendants contend that this case should be dismissed because: (1) Plaintiff did not prove he sustained damages as a result of the alleged constitutional violation; (2) Retaliation claims based on valid disciplinary infractions are not actionable under § 1983; (3) Plaintiff has failed to show a violation of Equal Protection rights; (4) Defendants are entitled to qualified immunity (5) Plaintiff has failed to show any act or omission that could result in liability for Defendant Banks (6) since Plaintiff has failed to show that Defendant Banks committed any act or omission, Defendant Toney cannot be liable under a supervisor liability theory; and finally (7) Plaintiff's classification reduction did not result in atypical conditions of confinement, thus it does not invoke due process.[5]

## II.  DISCUSSION

### A.  Money Damages

Since Plaintiff has not alleged any physical injury associated with his claims, Defendants argue that he is not entitled to compensatory damages for pain and suffering. Defendants correctly point out that Plaintiff cannot recover damages for pain and suffering unless there is physical injury.[6]  Section 803(d) of the Prisoner Litigation Reform Act, codified as 42 U.S.C. § 1977e(e), reads:

---

[4]*Id.*

[5]Doc. No. 185.

[6]*Id*.

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.[7]

The Eighth Circuit has held that this statute does not limit recovery to a select group of federal actions brought by prisoners.[8] Rather, the statute limits recovery for mental or emotional injury in all federal actions brought by prisoners.[9]

Congress did not intend § 1997e(e) to preclude all forms of recovery by prisoners.[10] The Supreme Court held that nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages.[11]

Plaintiff alleged in his complaint that he suffered from headaches, loss of appetite, fatigue, and nervousness. Plaintiff, however, could not identify a case where a court has held that headaches, loss of appetite, fatigue, and nervousness constitutes physical injury. Nevertheless, even if Plaintiff did not allege or suffer physical injury, Plaintiff is not barred from an award of nominal damages, putative damages, and injunctive and declaratory relief.[12] Plaintiff is also entitled to actual damages since Defendants destroyed Plaintiff's personal property because of an alleged retaliatory incentive reduction. Accordingly, Defendants' Motion for Judgment as a Matter of Law as to damages is DENIED.[13]

---

[7] 42 U.S.C. § 1997e(e).

[8] *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004)

[9] *Id.*

[10] *Id.*

[11] *Carey v. Piphus*, 435 U.S. 247, 255 (1978).

[12] *Id.* at 722-23.

### B.     Retaliation

Defendants' Motion for Summary Judgment was denied on April 3, 2006 as to Plaintiff's claim that Defendants retaliated against him by reducing him from Incentive Level V to Incentive Level I on March 5, 2002.  Plaintiff argued that Defendants retaliated against him for filing grievances.  Defendants assert that, based on Varner unit policy, they were required to reduce Plaintiff to Incentive Level I, and that their failure to do so at the December 2001 disciplinary meeting was merely an "oversight."  The Magistrate Judge determined that Plaintiff presented sufficient evidence, which, if proven at trial, would give rise to an inference that his March 5, 2002 reduction was retaliatory in nature and not a mere oversight like Defendants claim.  That inference remains.

#### 1.     Plaintiff's Three-way Phone Call Conviction

An inmate's cause of action for retaliatory discipline is recognized when a prison official files disciplinary charges in retaliation for the inmate's exercise of his constitutional rights.[14]  However, claims of retaliation fail if the alleged retaliatory conduct was in response to an actual violation of a prison rule.[15]  A defendant may successfully defend a retaliatory discipline claim by showing "some evidence" that the inmate actually committed a rule violation.[16]

To establish his retaliation claim, Plaintiff must prove that, "but for" an unconstitutional retaliatory motive, Defendants would not have reduced his Incentive Level.[17]  Under this

---

[14]*Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1994).

[15]*Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994).

[16]*Goff*, 7 F.3d 738.

[17]*Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993) (applying "but for" standard to retaliatory transfer claim); *Orebaugh v. Caspari*, 910 F.2d 526, 529 (8th Cir. 1990) (applying

4

standard, even if Plaintiff can establish that his filing grievances and lawsuits against Defendants were "clearly a factor" in the decision to reduce his Incentive Level, Plaintiff must prove that his Incentive Level would not have been reduced in the absence of his legal proceedings against Defendants.[18]

Plaintiff testified at trial that he had never been told nor given any document that prohibited three-way calling. He also stated that he had placed hundreds of three-way phone at Varner Supermax, and he had never been given a written discipline for doing so.

Defendant Banks also testified that there was no rule or regulation prohibiting three-way phone calls. The only prohibition to a three-way phone call was in an institutional policy directive which was never converted to a rule or regulation, and it was not published to the prisoners.

Defendants, however, did show "some evidence" that three way phone calls were prohibited. For example, the inmate telephone system has a recorded warning stating that three-way phone calls were not allowed, and Defendants provided a copy of the Varner Supermax inmate handbook to me stating three-way phone calls were impermissible.

Plaintiff appealed his disciplinary infraction for placing a three-way phone call on the sole ground that a hearing was not held within five days of the infraction, as required by the Arkansas Department of Corrections ("ADC"). Defendant Toney later affirmed the conviction, and Plaintiff did not appeal.

Plaintiff then filed this case. In order for an inmate to bring suit in federal court, Plaintiff must fully exhaust his administrative remedies. Under ADC policy, an inmate must

---

"but for" standard to retaliatory disciplinary claim).

   [18]*Goff*, 7 F.3d at 737.

5

appeal a disciplinary conviction to: (1) the Unit Warden; (2) the ADC Disciplinary Hearing Administrator; and (3) the ADC director. Plaintiff did not complete the last two steps of the appeal and did not raise any other issues other than one noted above. Thus, as the Magistrate recommended in his findings and I adopted, he is precluded from challenging the validity of the disciplinary infraction as a matter of law.[19]

### 2. Plaintiff's Incentive Level Reduction

Plaintiff contends that he was retaliated against on March 22, 2002 when his incentive level was reduced for filing grievances against Defendants. Defendants argue that Plaintiff's level should have been reduced on December 6, 2001, when Plaintiff was convicted of placing a three-way phone call; however, due to an oversight, Plaintiff's Level was not reduced.

Defendants contend that it is unit policy to reduce an inmates Incentive Level from V to I for a major disciplinary infraction. Defendants, however, have not provided a copy of this unit policy. The Magistrate Judge determined that since it was unclear whether this policy exists or whether it was in effect during the relevant time period, it created a question of material fact. I agree.

Moreover, Plaintiff alleges that he was unable to appeal the March 5, 2002 reduction to Level I because all disciplinary challenges must be filed within thirty days of the conviction. Since thirty days had passed since he was convicted of making the three-way phone call, Plaintiff was then forced to challenge the retaliatory nature of the reduction by filing grievances and appeals, where they, according to Plaintiff, were denied for retaliatory reasons.

Also, during the three month delay between the disciplinary conviction and the reduction of Plaintiff's incentive level, Plaintiff filed several grievances against Defendants.

---

[19]

During that time, Defendants made comments to Plaintiff indicating that they intended to retaliate against him by reducing his incentive level if he filed anymore grievances. The Magistrate noted that these facts presented enough evidence to show an inference of retaliation, and Plaintiff testified to these inferences at trial.

Defendants have not shown, as a matter of law, that it was an mere "oversight" that delayed Plaintiff's level reduction or that Plaintiff was not retaliated against for filing grievances. Accordingly, Defendant's Motion for Judgment as a Matter of Law as to the Retaliation Claim is DENIED.

## C.    Equal Protection Claim

Plaintiff claims that Defendants violated his equal protection rights by refusing to restore his incentive level while doing so for two similarly situated inmates. Because the challenged action in this case does not involve a suspect classification, Plaintiff's equal protections claim is reviewed under a "rational basis" standard.[20] To prevail, Plaintiff must prove that (1) persons who are similarly situated are treated differently by the government; and (2) [that] the government [has failed] to provide a rational basis for the dissimilar treatment.

The Equal Protection Clause generally requires the government to treat similarly situated people alike.[21] The first step in evaluating an equal protection claim is determining whether Plaintiff has demonstrated that he was treated differently than others who were similarly situated to him. This is a threshold issue. The Eighth Circuit has held: "Absent a

---

[20]*Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003).

[21]*City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).

threshold showing that [plaintiff] is similarly situated to those allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim."[22]

Plaintiff contends that Defendants reduced inmates William Donald and Atomic Hill from Incentive Level IV to Incentive Level I after being found guilty of a major disciplinary infractions. According to Plaintiff, Defendants restored Donald and Hill to their previous Incentive Levels without doing the same for Plaintiff. Defendants argue that the two inmates were not similarly situated because they were housed at the maximum security unit when their violations occurred, not at Varner Supermax like Plaintiff.

The Magistrate determined that this dispute created an issue of material fact, and I adopted his recommendation. However, evidence was presented at trial which showed inmates Donald and Hill were, in fact, never convicted of any disciplinary infractions while housed at Varner Supermax.[23]

In order for inmates to be similarly situated, they must be similar in every relevant respect.[24] Accordingly, Defendants' Motion for Judgment as a Matter of Law as to Plaintiff's Equal Protection claim is GRANTED.

---

[22]*Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994).

[23]Plaintiff testified that inmates Donald and Hill did <u>not</u> receive a major disciplinary action while at Varner Supermax. Also, Plaintiff testified that Mr. Hill filed grievances against Defendants and was not retaliated against.

[24]*Clark v. Groose*, 36 F.3d 770, 773 (8th Cir. 1994).

**D.     Qualified Immunity**

Defendants argue that they are immune from suit because Plaintiff has not shown that a clearly established right was violated.  Qualified immunity protects a government official from liability in a § 1983 claim unless his or her conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known.[25]  Also, qualified immunity only applies to a request for damages against a defendant in his or her personal capacity, and not to a request for injunctive or equitable relief against a defendant in his or her official capacity.

The Eighth Circuit has held that inmates have a First Amendment right to petition to redress grievances.  Filing false disciplinary charges is not in itself actionable under § 1983.  However, they become actionable if the filing is done in retaliation for the inmate's filing of grievances.[26]  Intentional obstruction of a prisoner's right to seek redress of grievances is the type of conduct that § 1983 is intended to remedy.[27]

Thus, Plaintiff had a clearly established First Amendment right to be free from retaliation for filing grievances and federal lawsuits against prison officials.  Since Defendants allegedly violated a clearly established right that a reasonable person would have known, they cannot be protected by qualified immunity.  Accordingly, Defendants' Motion for Judgment as a Matter of Law as to Qualified Immunity is DENIED.

---

[25] *Pool v. Sebastian County, Ark.*, 418 F.3d 934, 942 (8th Cir. 2005).

[26] *Dixon v. Brown*, 38 F.3d 379 (8th Cir. 1994).

[27] *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989).

### E.   Acts or Omission by Defendant Banks

Defendants contend that Plaintiff has failed to show any act or omission that could result in liability for Defendant Banks.  In order to state a claim against an individual official under § 1983, Plaintiff must demonstrate that: (1) the official's conduct subjected him to a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States; and (2) the official's actions were taken "under color of law."[28]  The Eighth Circuit has held that where it is patently obvious that the defendant's conduct will oppressively harm another, and he acts with reckless disregard of a person's constitutional rights, a submissible case is made.[29]

At trial, Plaintiff admitted that Defendant Banks was not present at the classification committee hearing on March 5, 2002 when his incentive level was reduced.  However, Plaintiff testified that Defendant Banks told him he would reduce Plaintiff's classification for any little infraction since Plaintiff was filing grievances.  Further, Plaintiff recalled that Defendant Toney told him at the March 5th hearing that he was reducing his Incentive Level for filing an amended complaint.  Plaintiff also testified that Defendant Toney told him that Defendant Banks and he talked about Plaintiff several times, warning him that they would keep him at Varner and reduce his Incentive Level for filing grievances.

Thus, Plaintiff has presented evidence that Defendant Banks was involved in his incentive reduction, and accordingly, Defendants' Motion for Judgment as a Matter of Law as to Defendant Banks is DENIED.

---

[28]*Hayes v. Faulkner County, Ark.*, 285 F.Supp.2d 1132 (E.D. Ark. 2003).

[29]*Guzman v. Western St. Bank of Devils Lake*, 540 F.2d 948, 952 (8th Cir. 1976).

**F.     Supervisor Liability**

Defendants argue that since Plaintiff has failed to show that Defendant Banks committed any act or omission, Defendant Toney cannot be liable under a supervisor liability theory. To hold a supervisor liable under § 1983, a plaintiff must allege and show that the supervisor personally participated in or had direct responsibility for the alleged violations.[30] Or a plaintiff could show that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts.[31]

Here, Defendant Toney personally participated in the reduction of Plaintiff's incentive level. Plaintiff testified that Defendant Toney and Defendant Banks discussed reducing Plaintiff's incentive level for filing grievances. Therefore, Defendant Toney was directly responsible for the violations and can be liable under § 1983. Accordingly, Defendants' Motion for Judgment as a Matter of Law is DENIED.

**G.     Due Process**

Plaintiff Terry Proctor has raised a due process challenge to the reduction in his Incentive Level from a V to I. Specifically, he claims that Defendants reduced his incentive level without providing him due process and seeks injunctive relief.

For Plaintiff to get injunctive relief, he must show "some substantial likelihood that past conduct alleged to be illegal will recur."[32] A showing that unconstitutional practices have taken

---

[30]*Id.*

[31]*Id.*

[32]*Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989).

11

place in the past is not enough, Plaintiff must demonstrate that these practices are likely to affect him in the future.[33]  Plaintiff did not make this showing.

Plaintiff is no longer in Varner Supermax, and there is no evidence that he is likely to return to that facility.

Plaintiff, the Warden, and Assistant Warden are the only parties in this case.  Injunctive relief must be carefully tailored to remedy the specific harm to the parties involved.[34]   There is no harm to Plaintiff that can be remedied at this point, and, on top of this, there is no evidence that Defendants have the power to change prison-wide policies with respect to incentive levels.

Because Plaintiff cannot show a right to injunctive relief, Defendant's Motion for Judgment as a Matter of Law as to Plaintiff's Due Process claims is GRANTED..

## III.    CONCLUSION

Based on the finding and fact and conclusions of law above, Defendants' Motion for Judgment as a Matter of Law (Doc. 184) be GRANTED in part, and DENIED in part, as follows:

Defendants are entitled to judgment as a matter of law as to Plaintiff's request for injunctive relief and equal protection claims.  Plaintiff's claim for retaliation remains.

---

[33]*Id.*

[34]*United States v. Articles of Drug*, 825 F.2d 1238, 1247-48 (8th Cir. 1987); *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549 (9th Cir. 1990).

Plaintiff may proceed on his retaliation claim. Plaintiff may only seek actual, nominal, and putative damages. Plaintiff's other claims are DISMISSED.

IT IS SO ORDERED this 28th day of February, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE